UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW J. MADAJSKI,

   Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

   Defendant.
_____/

Case No. 12-10656
Hon. Gerald E. Rosen
Magistrate Judge Mona K. Majzoub

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on March 25, 2013

PRESENT:  Honorable Gerald E. Rosen
        Chief Judge, United States District Court

On January 29, 2013, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Matthew J. Madajski's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment.  Plaintiff filed objections to the R & R on February 11, 2013.  The Court has now reviewed the R & R, Plaintiff's objections, the parties' underlying motions, and the remainder of the record.  For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R & R as the opinion of this Court.

Plaintiff's objections to the R & R largely track the issues raised in his underlying summary judgment motion. First, Plaintiff reiterates his contention that the Administrative Law Judge ("ALJ") ran afoul of the Sixth Circuit's decision in *Ealy v. Commissioner of Social Security,* 594 F.3d 504, 516-17 (6th Cir. 2010), by purporting to rely upon the evaluation of Plaintiff conducted by William Leichner, a limited license psychologist,[1] but then failing to incorporate each element of Mr. Leichner's assessment into the ALJ's determination of Plaintiff's residual functional capacity ("RFC"). In particular, given the ALJ's decision that Mr. Leichner's evaluation of Plaintiff was entitled to "considerable weight," (Admin. Record at 23), Plaintiff asserts that the ALJ was obligated under *Ealy* to "fairly reflect" each of Mr. Leichner's findings in the resulting determination of Plaintiff's RFC. *See Ealy,* 594 F.3d at 517 (finding that the ALJ in that case erred by relying on a physician's assessment and yet failing to "fairly reflect that assessment" in the ALJ's hypothetical questioning of a vocational expert).

Yet, even assuming that *Ealy* may be read as Plaintiff suggests — *i.e.,* as broadly requiring that an ALJ who chooses to rely to any extent upon a physician's opinion must therefore incorporate into an RFC determination each and every element of this physician's assessment of the claimant — Plaintiff has steadfastly failed, both in his

---

[1] As explained in the R & R, and as the ALJ also recognized, a limited license psychologist is not deemed an "acceptable medical source" and does not provide "medical opinions" under the pertinent Social Security regulations, but the opinion of such an individual based on his "special knowledge" may nonetheless be considered as an "important source[] of information in determining the severity of the claimant's impairments and how the impairments affect the claimant's functional capabilities." (R & R at 10-11 (citations omitted); *see also* Admin. Record at 23.)

objections and his underlying motion, to identify precisely *which* aspects of Mr. Leichner's findings were not properly accounted for in the ALJ's determination of Plaintiff's RFC. While Plaintiff notes, for example, that Mr. Leichner has opined that Plaintiff should "avoid written instructions altogether," (Plaintiff's Objections at 2), the Magistrate Judge correctly explains in the R & R that the ALJ accounted for this finding by "restrict[ing] Plaintiff to only those jobs that can be performed by an individual who is incapable of reading or writing at a functional level," (R & R at 11; *see also* Admin. Record at 18 (RFC determination which includes an inability "to read or write at a functional level")). Similarly, to the extent that Plaintiff cites Mr. Leichner's finding that he has "limitation in auditory perception (i.e. the rate at which he can digest/acquire new material)," (Plaintiff's Objections at 2-3), the Magistrate Judge properly points to the RFC limitations that Plaintiff can "make only simple work-related decisions in an environment that require[s] only routine workplace changes," and that Plaintiff was "restricted to jobs that required only simple, routine, repetitive work tasks in an environment free of fast-paced production requirements," (R & R at 11; *see also* Admin. Record at 18 (incorporating these restrictions in Plaintiff's RFC)). Under this record, the Court concurs in the Magistrate Judge's conclusion that the ALJ's RFC determination fairly reflected Mr. Leichner's findings.

Next, Plaintiff takes issue with the ALJ's purported failure to "articulate evidentiary support for the RFC determination." (Plaintiff's Objections as 5.) Again, however, the Magistrate Judge has correctly explained that the ALJ's decision reflects a

thorough "review[] and discuss[ion] [of] the medical and nonmedical evidence of record." (R & R at 12.) Contrary to Plaintiff's suggestion, the ALJ did not merely recount the evidence in the record and state an RFC determination as a matter of *ipse dixit*. Rather, throughout his decision, the ALJ discussed this evidence and explained the grounds for the weight given to this evidence. (*See, e.g.,* Admin. Record at 20 (noting the "conservative treatment" received by Plaintiff for his pain and back condition); *id.* at 23 (explaining that the assessments of Dr. Ron Marshall and Mr. Leichner were entitled to "significant" or "considerable" weight, while a physical functional capacity assessment by a state agency was not eligible for consideration).) Moreover, Plaintiff does not claim any confusion or inability to draw a connection between pertinent portions of the record and the various components of Plaintiff's RFC. Accordingly, the Court views this objection as nothing more than a quarrel with the style of written presentation adopted by the ALJ, and not as a basis for disturbing the ALJ's decision.

Finally, Plaintiff challenges the ALJ's evaluation of his credibility as purportedly resting upon a "complete mischaracterization of Plaintiff's activities of daily living." (Plaintiff's Objections at 7.) This claimed "mischaracterization," however, merely reflects the ALJ's omission of minor details in the record that were immaterial to the ALJ's findings. Plaintiff protests, for example, that the ALJ stated that he "feed[s] his dogs" as part of his daily activities, (Admin. Record at 20), while the underlying record reveals that Plaintiff actually "help[s]" to feed the dogs with the assistance of his children, (*id.* at 238). Likewise, Plaintiff complains that while the ALJ noted his ability to "prepare

4

simple meals" and to handle the household tasks of laundry and mowing the lawn, (*id.* at 20), the ALJ failed to mention that his wife and son assist with the lawn cutting and that it takes him "much longer than [his] wife" to complete these tasks, (*id.* at 239).  Yet, as observed in the Government's underlying summary judgment motion, the ALJ did not conclude from his summary of Plaintiff's daily activities that Plaintiff was "unlimited in his activities, but rather that his claimed limitations conflicted with his reported activities."  (Defendant's Motion, Br. in Support at 16.)  The Court is confident that the record supports this more modest use of Plaintiff's account of his daily activities, and that the details omitted by the ALJ do not undermine his determination, based on a variety of factors, to discount the credibility of Plaintiff's testimony regarding his condition and the extent of his limitations.

      For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's February 11, 2013 objections to the Magistrate Judge's January 29, 2013 Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED as the opinion of this Court, as supplemented by the rulings in the present order. Finally, IT IS FURTHER ORDERED that, for the reasons set forth above and in the Magistrate Judge's Report and Recommendation, Defendant's July 26, 2012 motion for summary judgment (docket #11) is GRANTED, and Plaintiff's June 26, 2012 motion for summary judgment (docket #10) is DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: March 25, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 25, 2013, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135